<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| FREDY GEOVANNY TACURI PULLA,<br><br>*Petitioner*,<br><br>v.<br><br>TODD BLANCHE, *et al.*,<br><br>*Respondents*. | Civil Action No. 26-cv-09114<br><br>**ORDER**<br><br>August 7, 2026 |

**THIS MATTER** comes before the Court upon Petitioner's Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (ECF No. 1), Respondents' Answer (ECF Nos. 6, 7), and Petitioner's Reply (ECF No. 8).

Petitioner, a native and citizen of Ecuador, is currently detained by U.S. Immigration and Customs Enforcement ("ICE") pursuant to 8 U.S.C. § 1226(a) pending removal proceedings. (*See* ECF No. 1 ¶¶ 3–4; ECF No. 6 at 1.)  Petitioner was arrested by ICE officers on July 20, 2026, and contends that his arrest was unlawful because ICE did not possess a warrant before arresting him and did not satisfy the requirements for a warrantless arrest under 8 U.S.C. § 1357(a)(2).  (*See* ECF No. 1 ¶¶ 4–5, 71–75; ECF No. 6 at 2.)

Respondents contend that Petitioner's detention is authorized under § 1226(a) and that Petitioner may seek a custody redetermination before an immigration judge.  (ECF No. 6.) Respondents' records indicate that Petitioner requested a bond hearing which was scheduled for July 28, 2026 (*See id.*, Ex. E), and allege that although Petitioner appeared for the July 28, 2026 proceeding, his counsel did not (ECF No. 7 at 1).  Respondents further allege that Petitioner

voluntarily withdrew his request for a bond hearing. (*See id.*, Ex. A.)

The Court has jurisdiction under 28 U.S.C. § 2241 to consider Petitioner's challenge to the legality of his detention. At this stage, however, the Court need not resolve whether the circumstances of Petitioner's initial arrest complied with 8 U.S.C. § 1357(a)(2). Regardless of whether Petitioner's arrest was conducted pursuant to a warrant or under the warrantless-arrest authority provided by § 1357(a)(2), the present record reflects that Petitioner is detained pursuant to 8 U.S.C. § 1226(a) and has not received an individualized custody determination before an immigration judge. *See* 8 U.S.C. § 1226(a); *Diop v. ICE/Homeland Sec.*, 656 F.3d 221, 231–34 (3d Cir. 2011); *Chavez-Alvarez v. Warden York Cnty. Prison*, 783 F.3d 469, 474–78 (3d Cir. 2015). Accordingly,

**IT IS** on this 7th day of August, 2026,

**ORDERED** that Respondents shall facilitate a bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a) within seven (7) days of the date of this Order; and it is further

**ORDERED** that within three (3) days of the bond hearing, Respondents shall file a status letter to notify the Court of the outcome of said hearing.

Nothing in this Order resolves the merits of Petitioner's claim regarding the legality of his arrest or the ultimate relief, if any, to which Petitioner may be entitled.

*Karen M. Williams*
_____
**Hon. Karen M. Williams,**
**United States District Judge**

2